UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:18-cv-00146-FDW

| | | |
|---|---|---|
| **BRICE C. MOORE,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| **FNU CORPENING, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court upon pro se Plaintiff Brice C. Moore's Motion to Voluntarily Dismiss his Complaint. (Doc. No. 35.)

**I.     BACKGROUND**

On May 25, 2018, Plaintiff, a prisoner of the State of North Carolina, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983, against nine employees at Marion Correctional Institution ("MCI"), claiming violations of his First, Eighth, and Fourteenth Amendment rights. (Doc. No. 1.) The Court conducted an initial review and dismissed all of Plaintiff's claims except his First Amendment retaliation claim against Defendant Adam York. (Doc. No. 26.) Subsequently, York's counsel filed a motion for extension of time to answer the Complaint (Doc. No. 33), which the Court granted (Doc. No. 34).

Thereafter, on January 7, 2019, the Court received a letter from Plaintiff responding to Defendant's motion for extension of time. In the letter, Plaintiff claimed to have "filed a withdrawal" in the instant case "months ago" by "dropping it against the only defendant that wasn't dismissed, MR. ADAM YORK." (Doc. No. 35). Plaintiff also asserts, "I still want to drop that case." (Doc. No. 35.) Plaintiff's letter was docketed on January 8, 2019, as a Motion

1

to Voluntarily Dismiss the Complaint against Defendant York.  (Doc. No. 35.)

## II. DISCUSSION

A plaintiff may voluntarily dismiss a civil action without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment or by filing a stipulation of dismissal signed by all parties who have appeared.  Fed. R. Civ. P. 41(a)(1)(A).  Otherwise, an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper.  Id. at 41(a)(2).

The Court has no record of having received Plaintiff's notice withdrawing his Complaint against Defendant York.  Nevertheless, Plaintiff's letter indicates that was his intent "months ago" and that it remains his intent.  Defendant York has not yet served either an answer or a motion for summary judgment and has not voiced any objection to dismissal of this action.[1]  The Court shall construe Plaintiff's January 7, 2019 letter as a notice of voluntary dismissal and direct the Clerk of Court to close this action.

**IT IS, THEREFORE, ORDERED** that the Clerk of Court shall amend docket entry No. 35 by characterizing Plaintiff's January 7, 2019 letter as a Notice of Voluntary Dismissal instead of a Motion to Voluntarily Dismiss, and thereafter, the Clerk shall close this action.

Signed: January 24, 2019

Frank D. Whitney
Chief United States District Judge

---

[1] Because Plaintiff's letter was docketed as a Motion, Defendant had 14 days to file a response to it.  See Western District of North Carolina LCvR 7.1(e) (establishing time frames for filing responses to motions and for replies).